UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:14-22-EBA

JERRY DEAN KIDD,                                                                                    PLAINTIFF,

V.                              **MEMORANDUM OPINION
                                        AND ORDER**

CAROLYN W. COLVIN,
*Commissioner of Social Security*,                                                          DEFENDANT.

### I.  INTRODUCTION

Plaintiff, Jerry Dean Kidd, brought this action under 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner's decision to deny his application for a period of disability, disability insurance benefits and supplemental security income benefits. [R. 1].  Upon consent of the parties, this matter has been referred to the undersigned to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [R. 13].  For the reasons set forth herein, Plaintiff's Motion for Summary Judgment [R. 14] shall be denied, Defendant's Motion for Summary Judgment [R. 15] shall be granted, and Judgment shall be entered affirming the final decision of the Commissioner.

### II.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff was born in 1963. [Tr. at 34].  He has a high school education and last worked as a tractor-trailer driver. [Tr. at 34].  In his Disability Report, Form SSA-3368, Plaintiff claimed his work ability was limited due to "Wegner's Granlumatosis." [Tr. at 173].  Thus, Plaintiff filed for disability insurance benefits and supplemental security income on December 29, 2010. [Tr. at 182].

The Social Security Administration denied his claims initially [Tr. at 57-63] and upon reconsideration [Tr. at 66-73]. After denial of his claims, he requested a hearing in front of an ALJ. [Tr. at 85-86]. Subsequently, Plaintiff appeared and testified at a hearing held on May 23, 2012 before ALJ Andrew J. Chwalibog. [R. 1-2 at 4]. At the hearing, Plaintiff was represented by counsel, William Arnett. [R. 1-2 at 4]. During the hearing, the ALJ also heard testimony from Leah Salyers, a vocational expert. [R. 1-2 at 4]. A second hearing was held on August 20, 2012 at which time further testimony was elicited from Plaintiff and Dwight McMillion, another vocational expert. [R. 1-2 at 4].

The ALJ ruled against Plaintiff in a written decision dated December 12, 2012. [R. 1-2]. In his decision, the ALJ found that Plaintiff suffered from the severe impairments of "Wegner's Granulomatosis; low back and joint pain syndrome; and obesity (20 C.F.R. 404.1520(c))." [R. 1-2 at 6]. Despite these conditions, the ALJ determined that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526)." [R. 1-2 at 9]. Continuing with his evaluation, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of light work, and he set forth his specific limitations in his opinion. [R. 1-2 at 10]. Further, the ALJ noted that Plaintiff was unable to perform past relevant work. [R. 1-2 at 14]. However, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." [R. 1-2 at 14]. Based on these findings, the ALJ concluded that Plaintiff was not under a "disability" as defined by the Social Security Act. [R. 1-2 at 15]. Following the adverse decision of the ALJ, Plaintiff properly exhausted his administrative remedies by appealing to the Social Security Appeals

Council, which denied his request for review. [Tr. at 1-5].

On February 24, 2014, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision. [R. 1]. In his Motion for Summary Judgment [R. 15], Plaintiff sets forth multiple arguments for reversal of the ALJ's opinion. Defendant responds that the ALJ's opinion should be affirmed, as it is supported by substantial evidence. [R. 16]. The case is now ripe for review.

### III . STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g)(2006); see also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004) (internal citations and quotation marks omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal citations and quotation marks omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence" would be appropriate in situations where the ALJ ignores uncontested, compelling evidence for one side, makes no express findings

3

on witness credibility and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975); see also Glass v. Sec'y of Health, Educ. & Welfare, 517 F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## IV. ANALYSIS

The Commissioner's regulations provide a sequential, five-step process for the evaluation of disabilities. See 20 C.F.R. § 404.1520(a). First, the Commissioner determines whether the claimant is currently engaging in substantial gainful activity; if so, she is not disabled. Id. § 404.1520(a)(4)(i). Second, if claimant is not engaged in substantial gainful activity, the Commissioner must determine whether she has a severe impairment; if not, she is not disabled. Id. § 404.1520(a)(4)(ii). Third, if claimant has a severe impairment, the Commissioner must compare it to those in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1; if the severe impairment meets or equals a listed impairment, claimant is presumed disabled. Id. § 404.1520(a)(4)(iii). Fourth, if claimant's impairment does not meet or equal a listed impairment, the Commissioner must determine whether claimant's impairment prevents her from doing past relevant work; if not, she is not disabled. Id. § 404.1520(a)(4)(iv). Fifth, if claimant's impairment prevents her from doing past relevant work, the Commissioner must determine whether other work exists in the national economy that accommodates her RFC and vocational factors (age, education, skills etc.); if so, she is not disabled. Id. § 404.1520(a)(4)(v).

Plaintiff argues that in assessing his RFC for use in steps four and five, the ALJ failed to properly weigh three medical opinions of record. [R. 15-1 at 9-13]. More specifically, Plaintiff

argues that the ALJ improperly adopted Dr. Stephen Nutter's opinion and erroneously rejected the opinion of his treating source, Dr. James Frederick, and a similar opinion from a one-time medical examiner, Dr. James Owen. As discussed below, Plaintiff's arguments regarding the ALJ's consideration of the medical opinions at issue do not withstand scrutiny.

### A. Dr. Frederick's Opinion

Plaintiff contends that the ALJ erred in rejecting the opinion of Dr. Frederick, as he had a treatment relationship with Plaintiff and because his opinion was supported by a similar opinion from Dr. Owen. Frederick opined that Plaintiff could lift/carry around ten pounds; stand/walk less than two hours in a workday; sit less than two hours in a workday; and that Plaintiff experienced significant postural, manipulative, communicative, and environmental restrictions. [Tr. at 513-15, 553-54].

An ALJ must give the opinion of a treating source controlling weight if he finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). If an ALJ does not afford controlling weight to a treating physician's opinion, he must provide "good reasons" for discounting the opinion. Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The obligation to provide "good reasons" requires the ALJ to support, with evidence, his finding that the medical opinion is not well-supported or is inconsistent with the case record. Id. at 544-46. Moreover, once an ALJ provides a "good reason" for not affording controlling weight to a treating source, the ALJ must then explain the weight that should be given to the treating source's opinion in light of certain factors outlined in 20 C.F.R. § 404.1527(d)(2), "namely the length of the treatment relationship and the frequency of examination, the nature and extent of the

5

treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." Id. However, the ALJ is not required to explicitly discuss each factor involved in deciding the weight to be afforded to a treating physician's opinion. Francis v. Comm'r of Soc. Sec., 414 F. App'x 802, 804 (6th Cir. 2011). With these standards in mind, the undersigned will now address the ALJ's evaluation of the medical opinions rendered by Frederick.

In reviewing Frederick's opinion, the ALJ took notice that Frederick's treatment notes "reflected relatively normal physical examinations on routine follow-up with more subjective complaints than actual objective findings." [R. 1-2 at 12]. Further, the ALJ observed that "more often than not, Dr. Frederick observed Mr. Kidd to be in no acute distress." [R. 1-2 at 12]. The ALJ also noted that Frederick's conclusions were inconsistent with Frederick's own objective findings. [R. 1-2 at 11-12]. Thus, the ALJ provided a "good reason" for not affording controlling weight to the opinion of Frederick. See Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir. 1993) (explaining that medical opinions, even those of treating doctors, are not entitled to controlling weight when they are based on subjective complaints rather than objective, clinical evidence); Miller v. Comm'r of Soc. Sec., No. 12-12639, 2013 WL 4482969, at *10 (E.D. Mich. Aug. 20, 2013).

Having found a "good reason" not to afford controlling weight to the opinion of Frederick, the ALJ was then required to explain his decision to afford lesser weight to Frederick's opinion using the factors outlined in 20 C.F.R. § 404.1527(d)(2) (i.e., length and extent of treatment relationship, supportability, consistency with the record, and the treating source's specialization). Wilson, 378 F.3d at 544-46. In explaining why Frederick's opinion was entitled to lesser weight, the ALJ noted that Frederick's conclusion lacked supportability within his own treatment notes,

which reflected relatively normal physical examinations. [R. 1-2 at 12]. In contrast to his opinion, Frederick's examination notes painted a far more optimistic portrait of Plaintiff's condition. [See Tr. at 332-39 (noting clear lungs, non-tender back, functional range of motion and no weakness throughout various visits in 2010 and 2011)]. The contrast is especially notable between the notes of Frederick's examination in May 2012 and his concurrent opinions of Plaintiff's limitations. Although his examination revealed "no weakness" [Tr. at 678], he wrote that Plaintiff experienced "severe weakness" [Tr. at 551] and limited him to carrying around ten pounds and standing/walking less than two hours in a workday due to "weakness" [Tr. at 553].

Additionally, the ALJ explained that Frederick's opinion was inconsistent with the record in that no other treating source "provided any credible opinions or documented objective findings or clinical observations" to support Frederick's findings. [R. 1-2 at 12]. In fact, Drs. Jones and Hanaoka each observed that Plaintiff's condition was improving in response to treatment. [See Tr. at 342 (noting that, after changing medications, Plaintiff had "done remarkably well and he [was] feeling much better), 346 (stating Plaintiff "look[ed] and f[elt] dramatically better), 527-28 (explaining that Plaintiff had "no signs of active disease")]. In sum, the ALJ adequately explained his decision to afford lesser weight to Frederick's opinion using the 20 C.F.R. § 404.1527(d)(2) factors.

Having found that Frederick's opinion was properly discounted by the ALJ, the Court now turns to Plaintiff's argument that Frederick's opinion should have been afforded controlling weight because it found support in the opinion of Dr. Owen, a one-time examining physician. [R. 1-2 at 12-13]. The ALJ found that Owen's opinion was due little weight because "[h]is conclusions seem grossly inconsistent with his own objective findings" and "other examinations and observations of

record do little to support the degree of restriction assessed by this one-time examiner." [Tr. at 19-20]. The record reveals that Owen observed only a mild wheeze in Plaintiff's lungs and "mild difficulty" getting on and off the examination table. [Tr. at 511]. Further, Owens noted that Plaintiff's strength, sensation, coordination, and reflexes were all normal; he was able to squat and kneel; and he demonstrated normal ranges of motion other than a mild diminution of his neck. [Tr. at 511]. Despite these generally benign findings, Dr. Owen opined that Plaintiff was extremely limited. [Tr. at 513-515]. Owens was not a treating physician; therefore, his unsupported opinion is not entitled to controlling weight and it fails to provide any support for Frederick's similarly unsupported opinion. Thus, the Court finds no error in the ALJ's evaluation of the opinions of Frederick and Owen.

### B. Dr. Nutter's Opinion

Dr. Nutter, a consultative examiner, opined that Plaintiff could lift/carry fifty pounds occasionally, twenty pounds frequently, and up to ten pounds continuously; could sit for three hours at a time and up to four hours in a workday, stand for two hours at a time and up to three hours in a workday, and walk for one hour at a time and up to two hours in a workday; and had no limitations on the use of his hands, minor limitations on the use of his right foot, and several postural and environmental limitations. [Tr. at 668-72]. The ALJ found that, "given its internal and external consistency with the evidence," Nutter's opinion was due the greatest weight. [Tr. at 19]. Now, Plaintiff argues that the ALJ erred by affording greater weight to a consultative examiner's opinion than to the opinion of Plaintiff's treating source.

It is true that "[i]n general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." Walters v. Comm'r of Soc Sec., 127

F.3d 525, 529-30 (6th Cir. 1997) (citing Kirk, 667 F.2d at 536 (6th Cir. 1981)).  Nonetheless, the Commissioner "is not bound by treating physicians' opinions, especially when there is substantial medical evidence to the contrary." Cutlip, 25 F.3d at 287 (6th Cir. 1994) (citations omitted).

As noted above, substantial medical evidence contradicted the findings of Plaintiff's treating physician, Dr. Frederick.  Further, the very same evidence that contradicted Frederick's opinion–evidence that Plaintiff's physical examinations were relatively normal–supports Nutter's opinion, which found Plaintiff to be far less limited than Frederick's opinion indicated.  This being the case, the ALJ did not err by assigning Nutter's opinion the greatest weight.  See Cox v. Comm'r of Soc. Sec., 295 F. App'x 27, 35 (6th Cir. 2008) (unpublished) (citing Warner, 375 F. 3d at 391-92) (explaining that the Court should defer to the ALJ's decision "to give more weight to the opinion of one physician than another where, as here, the ALJ's decision is supported by evidence that the rejected opinion is inconsistent with the other medical evidence in the record").

## V. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Summary Judgment [R. 15] be DENIED, Defendant Commissioner's Motion for Summary Judgment [R. 16] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Signed February 19, 2015.



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge